UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

DANNY R. RICHARDSON,                          )
        Petitioner,                         )
                                              )
v.                                            )          Nos.: 2:12-cv-328
                                              )                   2:11-cr-81(9)
UNITED STATES OF AMERICA,                      )
        Respondent.                         )

## MEMORANDUM OPINION

This matter is before the Court on Danny R. Richardson's ("Richardson" or "petitioner") "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody", (Doc. 614).[1] The United States has responded in opposition, [Doc. 837], and the time for reply by Richardson has passed. Also pending before the Court is Richardson's motion to appoint counsel, [Doc. 882]. These matters are now ripe for disposition. The Court has determined that the files and records in the case conclusively establish that petitioner is not entitled to relief under § 2255 and, therefore, no evidentiary hearing is necessary. As a result, petitioner's motion to appoint counsel will be DENIED and, for the reasons which follow, the §2255 motion will also be DENIED.

## I. Procedural and Factual Background

Richardson was indicted by the federal grand jury on September 13, 2011 along with 19 co-defendants, [Doc. 3]. Richardson was charged in Count 1 of the indictment with conspiracy to distribute and possess with the intent to distribute 1000 kilograms or more of marijuana in violation of Title 21 United States Codes § 846 and 841(a)(1), and in Counts 15 and 20 with possession of marijuana with the intent to distribute in violation of Title 21 United States Code §

---

[1] All docket entry references are to case number 2:11-CR-81.

841(a)(1). Petitioner subsequently pled guilty on November 29, 2011, pursuant to a negotiated plea agreement, to the lesser included offense of conspiracy to distribute and possess with the intent to distribute more than 100 kilograms of marijuana, [Doc. 198]. A presentence investigation report ("PSR") was ordered and prepared by the probation officer. The PSR, unobjected to by either party, established that Richardson was a career offender under USSG § 4B1.1[2] as the result of numerous Tennessee prior felony drug convictions.[3] These prior drug convictions subjected Richardson to a mandatory minimum term of ten years of imprisonment pursuant to 21 U.S.C. § 841(b)(1)(B), [*see* Information To Establish Prior Conviction, Doc. 124], and his advisory guidelines range was 262 to 327 months of imprisonment. On April 2, 2012, Richardson was sentenced to a below guidelines sentence of 192 months of imprisonment followed by an eight year term of supervised release. [Doc. 496]. The remaining counts of the indictment were dismissed upon motion by the government, [*Id.*]. Judgment was entered on April 10, 2012, [Doc. 512]. No direct appeal was filed and the instant motion to vacate was timely filed on August 8, 2012.

Petitioner's plea agreement contained the following stipulated facts:

a) Through the testimony of several witnesses, including co-conspirators, the United States would demonstrate, beyond a reasonable doubt, that between January of 2008 and June of 2010, in the Eastern District of Tennessee, the defendant did knowingly, intentionally, and without authority, conspire with at least one other person to distribute and to possess with the intent to distribute

---

[2] USSG § 4B1.1 provides that an adult defendant who commits a federal drug offense is deemed a "career offender" if he "has at least two prior felony convictions of either a crime of violence or controlled substance offense." A "controlled substance offense" is "an offense that is punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b).

[3] Richardson's convictions include a 2007 Tennessee felony conviction for delivering or selling a Schedule VI controlled substance, [PSR at ¶ 39], two 2008 Tennessee felony convictions for selling and delivering a Schedule VI controlled substance, [*id.* at ¶ 40], a 2008 Tennessee felony conviction for possessing marijuana with the intent to sell or deliver, [*id.* at ¶ 41], a 2008 Tennessee felony conviction for possessing a Schedule IV controlled substance with intent to sell or deliver, [*id.*], and a 2008 Tennessee felony conviction for possessing a Schedule III controlled substance with the intent to sell or deliver. [*Id.*].

approximately 682 kilograms of marijuana, a Schedule I controlled substance.

b) During the course of the conspiracy, the defendant obtained marijuana from a co-defendant which he then further distributed in the Eastern District of Tennessee.

c) Beginning approximately January of 2008, the defendant received a conservative amount of 50 pounds of marijuana monthly from a co-defendant. These transactions occurred in Newport, Tennessee, in Middlesboro, Kentucky, and in Tazewell, Tennessee, and, during some months, there were multiple transactions involving marijuana. The defendant then distributed this marijuana in pound quantities to customers in the Eastern District of Tennessee.

d) The defendant admits that he was paying approximately $1,000.00 per pound and was selling it in smaller quantities to his customers.

e) The defendant admits that from January of 2008 to May of 2010, the defendant obtained a conservative estimate of fifty pounds of marijuana per month which he then distributed, or a total of 1500 pounds or 682 kilograms.

[Doc. 198, ¶ 4].

## II.    Standard of Review

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States,* 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability

of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996). To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994). *See also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F. 2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

4

> First, the defendant must show that counsel's performance was
> deficient. This requires showing that counsel made errors so
> serious that counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment. Second, the
> defendant must show that the deficient performance prejudiced the
> defense. This requires showing that counsel's errors were so
> serious as to deprive the defendant of a fair trial, a trial whose
> result is reliable. Unless a defendant makes both showings, it
> cannot be said that the conviction . . . resulted from a breakdown in
> the adversary process that renders the result unreliable.

*Strickland* 466 U.S. at 687. As with any other claim under § 2255, the burden of proving

ineffective assistance of counsel is on the petitioner. *Virgin Islands v. Nicholas*, 759 F. 2d 1073,

1081 (3rd Cir. 1985).

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of

attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466

U.S. at 688. A defendant asserting a claim of ineffective assistance of counsel must "identify

the acts or omissions of counsel that are alleged not to have been the result of reasonable

professional judgment." *Id.* at 690. The evaluation of the objective reasonableness of counsel's

performance must be made "from counsel's perspective at the time of the alleged error and in

light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v.

Morrison*, 477 U.S. 365, 381 (1986).

The second prong of the *Strickland* test requires the petitioner show counsel's deficient

performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally

unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error

had no effect on the judgment." *Strickland*, 466 U.S. at 691. The petitioner must show "there is

a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." *Id.* at 694. The *Strickland* Court emphasized both prongs must be

established in order to meet the claimant's burden, and if either prong is not satisfied the claim

must be rejected, stating:

> Although we have discussed the performance component of an
> ineffectiveness claim prior to the prejudice component, there is no
> reason for a court deciding an ineffective assistance claim to
> approach the inquiry in the same order or even to address both
> components of the inquiry if the defendant makes an insufficient
> showing on one . . . . If it is easier to dispose of an ineffectiveness
> claim on the ground of lack of sufficient prejudice, which we
> expect will often be so, that course should be followed.  Courts
> should strive to ensure that ineffectiveness claims not become so
> burdensome to defense counsel that the entire criminal justice
> system suffers as a result.

*Id.* at 697.


## III.  Analysis and Discussion

Although petitioner did not set out his alleged grounds for relief in his § 2255 motion, he

has filed an "informal brief" in support of the motion.  In his brief, petitioner raises a single issue,

i.e., that he was erroneously classified as a career offender based on *United States v. Simmons*,

649 F.3d 237 (4th Cir. 2011), and that counsel was ineffective for not objecting to the prior

convictions. [Doc. 614 at 14-17].  The United States responds that (1) petitioner waived his right

to challenge his career-offender designation based upon the express waiver contained in his plea

agreement, (2) petitioner's challenge to his career-offender designation is unreviewable in this

§2255 motion, and (3) petitioner's challenge to his career-offender designation is meritless.

Because the petitioner's claim so clearly is without merit, the Court will simply address the merits

of his claim and will not address the government's first two arguments, although it is likely

correct on both.

In *United States v. Simmons*, the Fourth Circuit held that, under North Carolina's

structured sentencing scheme, the maximum sentence for an offense hinges on a defendant's

individual prior criminal history, so that the maximum sentence is not the highest sentence which could be imposed on an offender with the worst criminal history, but the highest sentence an individual offender can receive in light of his own individual prior criminal history. The Sixth Circuit had previously reached the same conclusion in *United States v. Pruitt*, 545 F.3d 416 (6th Cir. 2008).

Neither *Simmons* nor *Pruitt*, however, have any application to Richardson's case. Both *Simmons* and *Pruitt* dealt with the question of whether prior North Carolina convictions, in the context of the unique statutory regime mandated by the North Carolina Structured Sentencing Act, could be counted as predicate offenses for career offender designation. None of Richardson's prior convictions are North Carolina convictions. Rather, all of his prior felony drug convictions were for violations of Tennessee Code Annotated § 39-17-417 and were either Class D or Class E felonies under Tennessee law. The Tennessee Criminal Sentencing Reform Act of 1989 authorizes a term of imprisonment for Class D felonies of "not less than two (2) years nor more than twelve (12) years," and a term of imprisonment for Class E felonies of "not less than one (1) year nor more than six (6) years." Tenn. Code Ann. § 40-35-111(b)(4) and (5). Under the plain language of the Tennessee statutes, Richarson's offenses were each punishable by a term of imprisonment exceeding one year and were properly counted as predicate career offender convictions.

Petitioner also suggests that his prior drug convictions cannot qualify as controlled substance offenses because he may have served less than one year in prison for some of those offenses. Once again, his argument is without merit. It is well settled, as the government points out, that the "punishable" term of imprisonment for an offense is the maximum term permitted by the relevant statutes, not the term to which a defendant was actually sentenced or which he

actually served. *See United States v. Rodriguez*, 553 U.S. 377, 391 (2008); *United States v. Jemison*, 310 Fed. App'x 866, 880 (6th Cir. 2009). Richardson's counsel could not be ineffective for failing to raise a meritless issue.

## IV. Conclusion

For the reasons set forth above, the Court holds petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States. Accordingly, his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 will be DENIED and his motion DISMISSED.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id*.

A certificate of appealability should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473 (2000). Having examined each of petitioner's claims under the Slack standard, the Court finds that reasonable jurists could not find that the dismissal of his claims was debatable or wrong. Therefore, the Court will DENY a certificate of appealibility.

8

A separate judgment will enter.

ENTER:

_____
s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE